UNITED STATES DISTRICT COURT

DISTRICT OF UTAH-CENTRAL DIVISION

Rev. Edward Allan Buck,

    Plaintiff,

v.

Salt Lake Tribune, Deseret Morning News, KUTV
CBS 2 Television, KTVX ABC 4 Television, KSL
NBC 5 Television, KSTU Fox 13 Television,

    Defendants.

06-CV-135 (JEC)

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Recusal, filed March 13, 2006. The Court has reviewed the Motion and memoranda submitted, as well as the relevant authorities. The Court finds that Plaintiff's Motion is not well taken and is **denied**.

Plaintiff previously had a separate and distinct complaint before this Court (05cv455), which was dismissed for failure to state a claim upon which relief could be granted, on January 19, 2006. Plaintiff filed another complaint recently (06cv113), only to have it dismissed *sua sponte* by the Utah District Court, on February 9, 2006. Plaintiff, apparently believing in the adage that the third time is the charm, then immediately filed a strikingly similar third complaint (06cv135), on February 14, 2006, which is currently before this Court as well. Upon learning that this Court had dismissed his first complaint (05cv455), however, Plaintiff filed a Motion for recusal based upon "prejudicial actions already demonstrated against the Plaintiff." Mot. at 1.

Plaintiff brings the Motion to Recuse pursuant to 28 U.S.C. §455(a) and §455(b) with the reasoning that the Court is biased and did not follow the "rule of law" in its prior decision.

Plaintiff's only contention that the Court is biased comes from his declaration that Judge Conway is "extremely prejudicial to the Plaintiff and biased in favor of any government employee and/or agency." Mot. at 2. The rest of the very brief motion describes how a fraud is being perpetrated upon the government. These slightly reasoned accusations do not satisfy a Motion to Recuse.

It is within the Court's discretion to deny a Motion seeking recusal. Allegations of bias based on a judge's prior rulings in a case ordinarily do not provide a basis for recusal under § 455(a). *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir.2005). Indeed, when examining allegations of bias, the Court operates under a purely objective standard and limits its analysis to outward manifestations and reasonable inferences drawn therefrom. *Id.* (quotations omitted). Plaintiff's motion does not cite a single manifestation, other than rulings in the case, of Judge Conway's allegedly biased views.

Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As stated above, in applying this section, the Court employs an objective test. "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue. The test in this circuit is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *See Higginbotham v. Oklahoma, ex. rel Oklahoma Transp. Com'n*, 328 F.3d 638, 644-45 (10th Cir. 2003)(citations omitted). Here, it is inarguable that a reasonable person would find Judge Conway to have bias toward Plaintiff in these circumstances, as absolutely no external manifestations of bias or impartiality exist.

Section 455(b) cites to specific instances of personal judicial involvement with a case, such as a financial stake or prior legal input. However, no instances of anything like the above

2

circumstances was even alleged in Plaintiff's Motion and to the Court's knowledge, there is no reasonable basis whatsoever for this allegation.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Recusal is **denied.**

DATED this 21st day of March, 2006.

                              _____
                              SENIOR UNITED STATES DISTRICT JUDGE