UNITED STATES DISTRICT COURT

DISTRICT OF UTAH-CENTRAL DIVISION

Rev. Edward Allan Buck,

    Plaintiff,                                            06-CV-135 (JEC)

v.

Salt Lake Tribune, Deseret Morning News, KUTV
CBS 2 Television, KTVX ABC 4 Television, KSL
NBC 5 Television, KSTU Fox 13 Television,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed March 20, 2006. The Court has reviewed the Motion and memoranda submitted, as well as the relevant authorities. The Court finds that Defendants' Motion is well taken and is **granted**.

**I.    Background**

Plaintiff Rev. Edward Allen Buck has become quite an illustrious filer within the federal court system recently. First, Plaintiff filed a lawsuit disputing the decision not to prosecute an alleged patent infringement. This was ultimately dismissed in January 2006. Plaintiff then filed a suit alleging violation of his First Amendment rights on February 6, 2006. When that suit was dismissed *sua sponte*, Plaintiff immediately filed the present suit, on February 14, 2006, which alleges almost exactly the same issues and is against the same parties. In addition to these complaints, Plaintiff also recently filed a Motion to Recuse with this Court because of our decision to dismiss his original complaint in January 2006. That Motion was denied, as Plaintiff had stated no proper grounds for recusal. Additionally, the Court has learned that Plaintiff has

filed yet another complaint on March 17, 2006, alleging again a fraud upon the government by Chief United States District Judge of Utah Dee Benson and James Melpede, an FBI agent, stemming from the non-prosecution of Plaintiff's patent infringement case. Currently, however, only a Motion to Dismiss the February 14, 2006 complaint is before this Court.

## II.     Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton*, 173 F.3d at 1236.

## III.    Discussion

Defendants ask this Court to dismiss the above action as it is (1) barred by the doctrine of res judicata; (2) fails to state a claim upon which relief may be granted; and (3) is barred by the First Amendment. The Court finds that the above complaint is most definitely barred by the doctrine of res judicata and fails to state a claim upon which relief may be granted. Whether it is also violative of the First Amendment is unnecessary to examine.

### A.     Res Judicata

Defendants eloquently address in their Motion what is exceedingly obvious to both lawyers and laymen alike, that Plaintiff's present complaint addresses almost exactly the same issues to the same parties as his earlier dismissed complaint. This glorified copying and pasting

2

does not indicate that independent complaints have been filed, and cannot survive the doctrine of res judicata. Res judicata, or claim preclusion, prevents a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment. *Mactec, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). This doctrine applies when three elements exist: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Id.* (citation omitted).

Here, Plaintiff's earlier Complaint was dismissed with prejudice for failure to state a claim. This constitutes a final judgment on the merits. *See Federal Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). The parties in both of Plaintiff's complaints are identical, and the cause of action in both suits are identical, save one statute, as well. The claim falling under this statute, 47 U.S.C. 202(a), could have been raised in the previous suit, as the suit still stems from the same underlying transaction: the refusal of the Defendants to report on Plaintiff's story. Therefore, Plaintiff's new claim under 47 U.S.C. § 202(a) is barred as well.

Once these three requirements have been met, the Court must still examine whether the party seeking to avoid the preclusion had a "full and fair opportunity" to litigate the claim in the prior suit. *Mactec, Inc.*, 427 F.3d at 831. (citation omitted). Although this is not technically a fourth requirement to the doctrine of res judicata, the Court still needs to address it as an "exception" when the three above requirements have been met. *Id.* at n.6. Here, although Plaintiff's previous complaint was the product of a *pro se* petitioner, and it was dismissed with prejudice *sua sponte*, the Court still finds that he was given a full and fair opportunity to litigate his claims. Indeed, the Utah District Court took special care to mention in its Order to Dismiss that a less stringent standard of review was being used to review Plaintiff's complaint. Order at 1.

3

Yet, the Utah District Court still found that Plaintiff had in any way failed to state a claim for which relief could be granted.

    B.  Failure to State a Claim

Besides being barred by res judicata, the Court wishes to emphasize that Plaintiff's "new" claim still fails to state a claim upon which relief could be granted. As Defendants point out, Section 202(a) is a statute directed at price discrimination by common carriers, such as phone companies. *See Boomer v. AT&T Corp.*, 309 F.3d 404, 418 (7th Cir. 2002). Radio and television broadcasters are excluded from the regulations of this statute. *See United States v. Radio Corp. of America*, 358 U.S. 334, 348-49 (1959) (citation omitted). Here, all named Defendants are television broadcast stations and one newspaper. Although regulated by other means, these are not common carriers for the purposes of Section 202(a). Further, however, even if the statute was somehow applicable to the Defendants, Plaintiff still has not alleged that Defendants engaged in any kind of price or service discrimination toward him. Plaintiff was not placing ads with the networks or arguing that his newspaper subscription was charging him too much. Therefore, Plaintiff has in no way stated a claim for which relief could be granted and the entirety of his complaint is dismissed with prejudice.

    C.  Sanctions

The Court has some doubt that Plaintiff understands exactly what the phrase "with prejudice" entails. Therefore, we would like to take this opportunity to warn Plaintiff that if this pattern of illustrious and indeed, irresponsible, filing continues, the Court will have no choice but to limit the method and means of his future *pro se* filings. The Court wants to make clear that this measure would not be punitive, but necessary to maximize judicial economy and efficiency.

4

When a party has "engaged in a pattern of litigation activity which is manifestly abusive," sanctions on future filings may be an appropriate recourse. *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989). Although Plaintiff has not yet demonstrated the requisite number of superfluous complaints for the Court to impose these types of sanctions, the Court hopes that it is not just a matter of time before this point is reached.[1]

Defendants have requested an award of reasonable costs and attorneys' fees for their troubles in preparing this Motion to Dismiss. Defendants, however, cite to no authority or rationale for this award proposition. And, as Plaintiff is *pro se*, the Court is still willing to give him some benefit of the doubt for the time being. Therefore, this request is denied, pending any other information Defendant might like to provide to the Court as for why attorneys' fees and costs would be a reasonable award in this case.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **granted.**

DATED March 30, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although the Court will refrain from laying out the necessary test for sanctions here, some examples of the requisite number of filings for these sanctions to be imposed have appeared in the Tenth Circuit and are as follows. *See, e.g., Winslow v. Hunter*, 17 F.3d 314 (seventeen matters filed in a ten year period); *Cauthon v. Rogers*, 116 F.3d 1334 (10th Cir. 1997) (pro se petitioner filing 20 appeals in circuit court); *Werner v. State of Utah*, 32 F.3d 1146 (10th Cir. 1994) (petitioner filing 50 cases in seven years).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Rev. Edward Allen Buck

Plaintiff,

vs.                                                                 No. CIV-06-135 JC

Salt Lake Tribune, Deseret Morning News, KUTV
CBS 2 Television, KTVX ABC 4 Television, KSL
NBC 5 Television, KSTU Fox 13 Television

Defendants.

## FINAL ORDER

Pursuant to FED. R. CIV. P. 58, and having granted Defendants' Motion to Dismiss Plaintiff's Civil Rights Complaint by a Memorandum Opinion and Order entered contemporaneously with this Final Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is entered in favor of Defendant on all claims in Plaintiff's Complaint, which is dismissed with prejudice.

Dated this 30th day of March, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE